### WILLIAM HOPKINS *v.* JEDEDIAH K. HAYWOOD.

*Levy of Execution on Land. Appraisal. Audita Querela.*

A levy of execution extended on land, made on the basis of an appaisal by' *two appraisers*, the other not concurring, (he having appraised it at a less value,) will not be vacated by *audita querela* at the instance of the debtor.

AUDITA QUERELA brought to set aside a levy on real estate upon an execution in favor of the defendant against the plaintiff. Plea, the general issue, and trial by jury, March Term, 1862, POLAND, CH. J., presiding. The only question which arose on the trial upon which any exception was reserved was as follows :

It was proved that two of the appraisers appraised the equity of redemption, a portion of which was set off, at the sum of $1875. The other appraiser appraised it at the sum of $1400., and said appraisers were not able to come to any unanimous agreement as to the value of said equity of redemption.

The officer making the levy took the appraisal of the majority and made the set off accordingly.

The plaintiff claimed that these facts entitled him to a verdict and to have said levy set aside in this action, but the court held otherwise, and that said levy was not thereby made illegal,—to which the plaintiff excepted.. Verdict for the defendant.

*Geo. N. Dale*, for the plaintiff.

In the set off of land upon an execution the statute must be *strictly* complied with. *Morton et al.* v. *Edwin*, 19 Vt. 77.

An appraisal by *two* of the appraisers is not a strict compliance with the provisions of the statute. This case differs from those cases where the acts of a majority of a body of men are considered the acts of them all.

———— *Haywood*, for the defendant, cited *Moffitt* v. *Jaquins et al.*, 2 Pick. 330, and cases cited in the note to this case.

PECK, J. It is not denied by the counsel of the plaintiff but that the levy is good upon the face of it. But it has already.

Hopkins *v.* Haywood.

been decided in this case when before this court at a former term, that the return is not conclusive in an action of this kind brought to set aside the levy. The question is whether the facts shown are such as to justify setting it aside. It appears that two of the appraisers concurred in appraising the equity of redemption at $1875. and the other appraised it at $1400., the three not being able to come to an unanimous agreement as to the value. The officer took $1875. as the appraisal and made the levy on that basis. *Moffitt* v. *Jaquins*, 2 Pick. 330, decides that an appraisal in which the majority of the appraisers concur is valid. and binding, although the other appraiser does not concur. The reasons assigned in that case, founded on convenience and necessity, are strong in favor of the conclusion to which the court arrived. If we follow that case it is decisive in favor of the ruling of the county court. But whether in all cases the concurrence of the majority of the appraisers is binding or not, we think in this case there is no such grievance shown as entitles the debtor to have the levy vacated by *audita querela*. It is not every error in a levy that entitles a party to this remedy. It has been often decided that an error in the proceedings of the appraisers by which they estimate the amount of the incumbrance too low in the appraisal of an equity of redemption, gives the execution debtor no right to object to the levy. The reason is that the effect of such error is to increase the value of the equity of redemption, so that it does not prejudice the debtor. In the case at bar, as the officer took the highest appraisal, being that in which the majority concurred, it is difficult to see how the debtor has been injured. As no injury is shown to have been done to the debtor, there is no such grievance as warrants the vacating of the levy at his instance. Nor are we prepared to say but that as a general rule an appraisal in which the majority concur is binding. Judgment affirmed.